UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
THE OASIS AT DODGE PARK, LLC,    )
                              Plaintiff    )
)
      V.    )
)
DAIKIN NORTH AMERICA, LLC, and    )
DIRECT EXPANSION SOLUTIONS, INC. )
d.b.a DXS ENGINEERING    )
                             Defendants    )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

This is a lawsuit brought by a corporation operating a 50 bed nursing home in connection with the installation of a defective HVAC system ("The System") and the damage caused as a result of its malfunctioning.

### Parties

1. Plaintiff, The Oasis at Dodge Park, LLC ("Oasis") is a Massachusetts Limited Liability Company with a principal place of business located at 101 Randolph Road, Worcester, Worcester County, Massachusetts.

2. The Defendant, Daikin North America, LLC ("Daikin") is a Texas Limited Liability Company with a principal place of business located at 1900 Kermier Road, Waller, Texas.

3. The Defendant, Direct Expansion Solutions, Inc. d.b.a. DXS Engineering ("DXS") is a Texas Corporation with a principal place of business located at 6101

West Courtyard Drive, Building 4, Austin, Texas.

4. Oasis' causes of action arise from Daikin and DXS' transaction of business within the Commonwealth of Massachusetts.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

8. For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and its principal place of business. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

9. Although DXS maintains an office in Peabody, Massachusetts, it is not registered with the Secretary of the Commonwealth as a Massachusetts corporation nor is it registered in Massachusetts as a foreign corporation. DXS remains a citizen of Texas by virtue of its state of incorporation and its principal place of business.

10. Oasis expects the amount in controversy to far exceed the jurisdictional requirement. The underlying contract for installation of The System is $845,500.00. The replacement cost and resultant damages from the defective HVAC system is expected to meet or exceed $845,500.00.

## Facts

11. Oasis began construction of a 50 bed facility in accordance with Massachusetts Department of Public Health requirements for Nursing Homes pursuant to 105 CMR 150 *et seq.* in March, 2016.

12. 105 CMR 150.700 governs heating and cooling requirements in Nursing Home facilities and requires, among other things, that The System maintain a minimum temperature of 75 degrees during the winter.

13. Oasis entered into a contract totaling $845,500.00 with Better Comfort Systems in Malden, Massachusetts for installation of an HVAC system for the facility.

14. Daiken and DXS provided their knowledge and expertise to Oasis in choosing, designing, and manufacturing an HVAC system sufficient to meet the requirements of 105 CMR150.00 *et seq.* and suitable for the size of the proposed facility. The System was supplied to Oasis through Daikin's distributor, DXS.

15. The facility was completed in December 2016 and opened its doors to occupants on January 12, 2017.

16. Almost immediately, in late January 2017, The System failed to function properly, endangering the health and well-being of the nursing home residents with sub standard temperatures and threatening the licensure status of the facility.

17. On February 10, 2017, The System failed again leaving the facility too cold for compliance with DPH standards.

18. Replacement parts were not available from Daikin and the facility lost heating capacity for nearly one full week.

19. Thereafter, The System failed on 8 separate occasions between February 10 and May 4, 2017.

20. Each failure was substantially caused by The System's improper design or manufacture which allowed snow and moisture to infiltrate the units and reach the electronic controls.

21. The System failed again during the changeover from heating to cooling in the Spring of 2017.

22. During the summer of 2017, The System failed to control the humidity in the

building again threatening the health and well-being of its elderly residents.

23. After the first major snowstorm of the 2017/2018 winter (approximately December 25, 2017) The System failed again, leaving many areas of the facility too cold to comply with 105CMR150.700.

24. The System failed again on December 29, 2017 and repairs could not be made until January 2, 2018 leaving the facility without sufficient heat for 5 days.

25. On January 5, 2018, after a snow event, They System failed again due to snow penetrating into the electronic controls.

26. The System was left operating at 50% capacity until January 10, 2018 , when new electronic parts were installed.

27. The System failed again on January 15, January 28, and February 21, 2018, all related to snow infiltration.

28. After the first system failures in early 2017, Daikin and DXS acknowledged the design or manufacturing flaw and delivered a temporary "fix" in the form of a special kit to seal all units against snow.

29. The temporary fix was ineffective in stopping snow infiltration.

30. Daikin and DXS promised a permanent engineering solution, yet no action has been taken to correct the design flaw.

31. The System has not operated properly in either the wintertime or summer and continues to experience outages, further placing elderly residents at ongoing risk and continuing to threaten the licensure status of the facility.

32 Although not required, Oasis sent a demand letter pursuant to M.G.L. c. 93A for a permanent engineering solution prior to filing this suit. Both Daikin and DXS

failed or refused to respond.

## COUNT I
### Breach of Implied Warranty of Merchantability

33. The Plaintiff adopts and restates the allegations contained in paragraphs 1-32 as if fully set forth herein.

34. At all times relevant, Daikin and DXS were merchants with respect to goods of the kind provided to Oasis.

35. The System designed, manufactured and supplied to Oasis by Daikin and DXS was not reasonable suited for its ordinary uses.

36. The System designed, manufactured and supplied to Oasis by Daikin and DXS contained defects that existed at the time of sale.

37. Oasis suffered damages.

38. The System's defective design was the proximate cause of Oasis' damages.

## COUNT II
### Breach of Implied Warranty of Fitness For A Particular Purpose

39. The Plaintiff adopts and restates the allegations contained in paragraphs 1-38 as if fully set forth herein.

40. At the time of the sale, Daikin and DXS knew of the particular purpose for which the goods designed, manufactured, and supplied to Oasis were required.

41. Oasis relied on the expertise, skill, and judgment of Daikin and DXS to select and furnish a system suitable for its particular purpose.

42. Based on Oasis' detrimental reliance that The System was fit to supply a 50 bed facility with sufficient heat pursuant the 105 CMR 150.700, Oasis was damaged.

## COUNT III
## Unfair And Deceptive Trade Practices 93A §11

43. The Plaintiff adopts and restates the allegations contained in paragraphs 1-42 as if fully set forth herein.

44. At all times relevant to this action, Daikin and DXS were engaged in trade or commerce as those terms are defined in M.G.L. c. 93A §2(a).

45. Daikin and DXS' represented that The System complied with all of the specifications in the contract.

46. That representation was false and violates Attorney General regulation 940 CMR 3.05.

47. The acts committed by Daikin and DXS are oppressive or otherwise unconscionable in violation of Attorney General regulation 940 CMR 3.16.

48. The acts committed by Daikin and DXS fail to comply with existing statutes, rules, regulations or laws meant for the protection of public health, safety, or welfare and violate Attorney General regulation 940 CMR 3.16(3).

49 Daikin and DXS have failed to perform or fulfill obligations arising under a warranty in violation of Attorney general regulation 940 CMR 3.08(2).

50. These violations of the Attorney General's regulations are per se violations of chapter 93A.

51. As a result of these violations, Oasis has been damaged.

WHEREFORE Plaintiffs pray that this Court enter judgment on all Counts and that the Court

proceed to award damages according to the Plaintiffs proof at trial, trebled where appropriate, together with interest thereon, and all costs and attorney's fees of this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

Plaintiff, The Oasis at Dodge Park
By its attorneys,

*/s/ Roy A. Bourgeois*
Roy A. Bourgeois, BBO#051020

/s/ Dale R. Kiley
Dale R. Kiley, BBO#689720

BourgeoisWhite, LLP
One West Boylston Street, Suite 307
Worcester, MA 01605
Telephone: (508) 753-7038
Fax: (508) 756-1613
royb@bw.legal
dkiley@bw.legal

### Certificate of Service

I hereby certify that on this 14th day of June, 2018, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Court's Record.

*/s/ Dale R. Kiley*
Dale R. Kiley